UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

     -against-

DASHAUN BRACY,

               *Defendant*.

20-CR-483 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

DaShaun Bracy has been charged in an indictment with (1) conspiring to distribute and possess with intent to distribute a controlled substance, (2) possessing, brandishing, and discharging a firearm during a drug trafficking crime, and (3) being a felon in possession of a firearm and ammunition. Indictment, ECF No. 1. On October 30, 2022, Mr. Bracy brought several pretrial motions seeking to suppress the government's pretrial identification evidence, dismiss Counts One and Two of the indictment, and require advance notice of Rule 404(b) material. Def.'s Pretrial Mots. ("Def.'s Mot."), ECF No. 55. On December 2, 2022, the government filed motions in limine, Gov't Mots. in Limine ("Gov't Mot."), ECF No. 63, and a motion seeking to preclude cross-examination of two of its anticipated witnesses, Gov't Giglio Mot., ECF No. 64 (filed under seal). On December 8, 2022, the government filed a supplemental motion in limine. Gov't Suppl. Mot. in Limine ("Gov't Suppl. Mot."), ECF No. 66. Finally, on December 12, 2022, Mr. Bracy filed a motion in limine and response to the government's motions in limine. Def.'s Mot. in Limine & Resp. ("Def.'s Resp."), ECF No. 68. For the following reasons, I grant in part and deny in part Mr. Bracy's pretrial motions, I grant in part and deny in part the government's motions in limine, and I deny Mr. Bracy's motion in limine.

# BACKGROUND

Mr. Bracy faces charges stemming from his alleged role as a narcotics dealer in a drug trafficking conspiracy that operated in the summer and fall of 2015. Gov't Mot. 1. The government alleges that, on October 30, 2015, during the charged conspiracy, Mr. Bracy shot his narcotics supplier, (the "Supplier"), twice with a pistol. *Id.* The Supplier survived the shooting. *Id.* A 911 call was placed at 1:04 a.m., shortly after the shooting, and the Supplier was taken to the hospital. *Id.* at 4. The government explains that while the Supplier was hospitalized, he stated that someone named "Bracey" had shot him and identified Mr. Bracy in a photographic array containing six possible suspects. *Id.* at 4–5. On October 31, 2015, Mr. Bracy was arrested in connection with the shooting and charged in a seven-count complaint in the Richmond County criminal court. *Id.* at 6, 28. That complaint was ultimately dismissed, and Mr. Bracy was never indicted on state charges. *Id.* at 28. The federal indictment that initiated the present case was filed on October 28, 2020. Def.'s Mot. 2.

# DISCUSSION

## I.  Mr. Bracy's Pretrial Motions Are Granted in Part and Denied in Part.

Mr. Bracy moves: (1) to suppress the government's pretrial identification evidence or have a *Wade* hearing to determine its admissibility at trial; (2) to dismiss Counts One and Two; and (3) for an order, pursuant to Federal Rule of Evidence 404(b), directing the government to provide advance notice of bad acts evidence it plans to offer at trial. For the following reasons, these motions are granted in part and denied in part. Specifically, I grant the motion for reasonable notice of Rule 404(b) evidence and deny the motions to suppress the pretrial identification evidence and dismiss Counts One and Two.

## A.  Motion to Suppress.

Mr. Bracy moves to suppress evidence of the Supplier's identification, arguing that "the identification procedures employed by the New York City Police Department and proffered by [the] government were unduly suggestive, causing a substantial likelihood of irreparable misidentification." Def.'s Mot. 2. Mr. Bracy also requests a *Wade* hearing. *See United States v. Wade*, 388 U.S. 218 (1967). I may, in my discretion, choose to conduct a *Wade* hearing to assess the suggestiveness of identification procedures used. *See Watkins v. Sowders*, 449 U.S. 341, 345 (1981). A pretrial *Wade* hearing is appropriate where a defendant "allege[s] facts supporting his contention that the identification procedures used were impermissibly suggestive." *United States v. Williams*, No. 13-CR-580 (JMF), 2014 WL 144920, at *1 (S.D.N.Y. Jan. 15, 2014) (quotation omitted).

"The purpose of a *Wade* hearing is to determine before the trial whether pretrial identification procedures have been so improperly suggestive as to taint an in-court identification." *United States v. Gershman*, 31 F.4th 80, 92–93 (2d Cir. 2022) (quotation omitted). A photographic array procedure may be impermissibly suggestive where there are too few photographs, the official's manner of presentation suggests the identity of the suspect, or "the picture of the accused, matching descriptions given by the witness, so stood out from all the other photographs as to suggest to an identifying witness that that person was more likely to be the culprit." *Jarrett v. Headley*, 802 F.2d 34, 41 (2d Cir. 1986) (quotation and alteration omitted). If the identification procedures were not unduly suggestive of the suspect's guilt, then "the trial identification testimony is generally admissible without further inquiry into the reliability of the pretrial identification." *United States v. Maldonado-Rivera*, 922 F.2d 934, 973 (2d Cir. 1990).

Mr. Bracy raises the following concerns about the propriety of the photo-array identification procedure used in this case: (1) that the procedure "completely contradicts a significant and exculpatory statement made b[y] a witness in or around the same time" identifying another individual as the shooter; (2) that the exact procedures used are "a mystery"; (3) that the procedure was not double-blind as it was conducted by the assigned detective on the case; and (4) that the state-law charges against Mr. Bracy were ultimately dismissed notwithstanding the alleged identification. Def.'s Mot. 4.

None of Mr. Bracy's arguments plausibly allege that the identification procedure was impermissibly suggestive. I have reviewed the photo array used in the identification procedure, which was filed under seal as an exhibit to the government's response to Mr. Bracy's motion. *See* Gov't Opp'n to Def.'s Pretrial Mot. ("Gov't Opp'n"), Ex. A, ECF No. 57-1. The array itself is not unduly suggestive. It uses six photographs, a number that the Second Circuit has long held to be permissible, and all the photos include subjects of the same or similar age and race and with similar styles of hair and facial hair. *See United States v. Thai*, 29 F.3d 785, 808–09 (2d Cir. 1994). And though factors outside of the array itself could have made the identification unduly suggestive, Mr. Bracy argues only that the procedures were not double-blind and are otherwise "a mystery." But Mr. Bracy points to no authority stating that a double-blind procedure is required, and I need not grant a *Wade* hearing based on pure speculation. *See United States v. Schaffer*, No. 12-CR-430 (ARR), 2014 WL 1515799, at *7 (E.D.N.Y. Apr. 18, 2014). Finally, the fact that a different witness named another individual as the shooter has no bearing on whether the identification procedure used with the Supplier was unduly suggestive.

I am mindful that Mr. Bracy "is not in a position to know about any improprieties" in the identification procedure, and that I therefore still have discretion to grant the request for a *Wade*

hearing. *United States v. Crumble*, No. 18-CR-32 (ARR), 2018 WL 1737642, at *1 (E.D.N.Y. Apr. 11, 2018). However, a *Wade* hearing is particularly unnecessary in this case because, even if the pretrial identification procedure were unduly suggestive, the Supplier's in-court identification of Mr. Bracy would be independently reliable due to the preexisting familiarity of the two men. *See Maldonado-Rivera*, 922 F.2d at 976. The government represents that the Supplier identified Mr. Bracy by name before being shown the photo array, and that the two men "had repeatedly met for previous drug sales." Gov't Opp'n 9, ECF No. 57. Assuming the government's proof at trial will support the existence of this relationship, the Supplier is qualified to identify Mr. Bracy independent of the pretrial identification procedure. *See Johnson v. Walker*, No. 01-CV-6862 (ERK), 2003 WL 22002420, at *9 (E.D.N.Y. Aug. 25, 2003) ("[T]he fact that petitioner was known to the eyewitness and was not a stranger is itself compelling evidence of an independent source for the identification.").

Because Mr. Bracy's argument does not meet the threshold showing for a *Wade* hearing, I deny the motion to hold the hearing or otherwise suppress the Supplier's identification of Mr. Bracy. Of course, Mr. Bracy is free to argue at trial that the identification procedure was suggestive or that other factors influenced the reliability of the identification.

### B.  Motion to Dismiss

Mr. Bracy next argues that Counts One and Two should be dismissed for two reasons: (1) Count One was filed outside the applicable statute of limitations, and (2) the drug-trafficking conspiracy charged in Count One is not a qualifying predicate for the firearm offense charged in Count Two. Both arguments lack merit.

Count One of the indictment, which charges a drug trafficking conspiracy, is subject to a five-year statute of limitations under 18 U.S.C. § 3282(a). A limitations period generally begins to

run when a crime is complete, and a drug trafficking conspiracy, which does not require proof of an overt act, *see* 21 U.S.C. § 846, "is presumed to exist until there has been an affirmative showing that it has been terminated and its members continue to be conspirators until there has been an affirmative showing that they have withdrawn," *United States v. Spero*, 331 F.3d 57, 60 (2d Cir. 2003) (quoting *United States v. Mayes*, 512 F.2d 637, 642 (6th Cir. 1975)). The government is correct that a statute of limitations argument must be raised as an affirmative defense, *Smith v. United States*, 568 U.S. 106, 112 (2013), but is not correct when it asserts that the statute of limitations defense may not be raised until trial, *see* Fed. R. Crim. P. 12(b).

I deny the motion to dismiss as to the statute of limitations because Mr. Bracy fails to make a serious argument that the government failed to bring charges within the statute of limitations. Indeed, Mr. Bracy's motion appears to explicitly concede that "Mr. Bracy faces charges filed two days before the expiration of the five year Statute of Limitations." Def.'s Mot. 6. Should Mr. Bracy present a colorable limitations argument at trial I will give the jury an appropriate instruction relating to the statute of limitations. But based on the present evidence such an instruction will not be necessary.

Mr. Bracy's second argument is that Count One is not a proper predicate offense for Count Two. This claim runs counter to the relevant statutory scheme and case law and does not deserve extended discussion. Count Two is brought pursuant to 18 U.S.C. § 924(c)(1)(A), which makes it a crime for "any person who, during an in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." A "drug trafficking crime" is defined "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 924(c)(2). Count One is charged under 21 U.S.C. §§ 841 and 846. The Second Circuit has explicitly and recently held that both statutes "unquestionably

satisf[y] § 924(c)" as "a qualifying drug-trafficking offense." *United States v. Heyward*, 3 F.4th 75, 82 (2d Cir. 2021). The fact that the Supreme Court has invalidated the "residual clause" defining "crime of violence" in § 924(c) does not alter this conclusion. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Mr. Bracy's motion to dismiss is denied.

### C.  Motion for Advance Notice of Rule 404(b) Evidence.

Mr. Bracy's final motion seeks advance notice of any evidence of other crimes, wrongs, or acts it intends to introduce at trial. Rule 404(b) of the Federal Rules of Evidence requires the government, upon request, to "provide reasonable notice" of such evidence "in writing before trial." Fed. R. Evid. 404(b)(3). Mr. Bracy does not specify how far in advance he wants the government to disclose this evidence, so I interpret the motion as seeking nothing more than the "reasonable notice" provided in Rule 404(b). The government does not object to providing Rule 404(b) disclosures ten to fourteen days before trial. Jury selection for Mr. Bracy's trial begins on January 9, 2023. Given the holidays preceding the trial date, I will grant Mr. Bracy's motion as follows: to the extent it has not already done so, the government shall make its Rule 404(b) disclosures on or before 12:00 p.m. on December 21, 2022. If Mr. Bracy wishes to file any motions relating to the Rule 404(b) disclosures, those motions shall be filed no later than 5:00 p.m. on December 22, 2022.

### II.  The Government's Motions in Limine Are Granted in Part and Denied in Part.

The government moves to: (1) admit phone attribution evidence; (2) admit the 911 call placed after the shooting; (3) admit the Supplier's prior identification of Mr. Bracy as either direct evidence or rehabilitation evidence; (4) admit evidence of Mr. Bracy's prior felony convictions if he testifies at trial; (5) permit the government to authenticate certain business records and public records without custodial witness testimony; (6) preclude evidence and argument concerning

possible punishment and collateral consequences; (7) preclude any defense theory of third-party culpability without evidence establishing a sufficient connection between that person and the charged crimes; (8) preclude evidence, argument, or reference to the dismissal of the state charges filed against Mr. Bracy; (9) preclude the defense from referring to the Supplier as a "cooperating witness"; and (10) preclude the defense from introducing certain details regarding My. Bracy's background and personal life. Because the parties' arguments regarding the scope of cross-examination of the Supplier are related to the government's ninth motion, I address those issues together.

For the following reasons, the motions are granted in part and denied in part. Specifically, I: (1) rule that the parties have until December 23, 2022, to agree to a stipulation as to the phone attribution evidence; (2) grant the motion to admit the 911 call; (3) grant the motion to admit evidence of the Supplier's prior identifications; (4) grant in part and deny in part the motion to admit evidence of Mr. Bracy's prior felony convictions if he testifies at trial; (5) grant the motion to permit the government to authenticate certain business records and public records without custodial witness testimony; (6) grant the motion to preclude evidence and argument concerning possible punishment and collateral consequences; (7) reserve decision on the admissibility of third-party culpability evidence; (8) grant the motion to preclude evidence related to the dismissed state court charges; (9) grant in part and deny in part the motions relating to the cross-examination of the Supplier; and (10) reserve decision on the motion to preclude the defense from introducing background details regarding Mr. Bracy.

**A. Phone Attribution Evidence.**

The government alleges that Mr. Bracy used a phone that was registered to an individual believed to be his grandmother and that this phone was associated with two addresses at which

Mr. Bracy resided. Gov't Mot. 5–6. Expecting that Mr. Bracy will dispute he was the user of the phone at trial, the government moves to admit various forms of attribution evidence, namely: (1) testimony from Mr. Bracy's parole officer that Mr. Bracy was released from prison two days after the phone account was created and that he lived at the two addresses associated with the phone; (2) a text message from the phone to the Supplier stating, "I'm kind of waiting for parole to come visit me"; (3) testimony from a police officer that Mr. Bracy provided him the phone number at issue during an interaction with law enforcement; and (4) testimony from a case agent who can identify Mr. Bracy's voice on calls intercepted from the phone based on his familiarity with Mr. Bracy's recorded jail calls. The government argues that this evidence is admissible under Federal Rules of Evidence 401 and 402 as direct evidence of Mr. Bracy's identity, or under Rule 404(b) for the purpose of proving Mr. Bracy's identity. Mr. Bracy responds that the evidence regarding his release from prison and parole status is highly prejudicial and unnecessary in light of the government's less prejudicial alternatives.

In its latest filing, the government states that the parties are likely to resolve the attribution evidence issues by stipulation. Gov't Reply & Resp. to Def.'s Mot. 12 n.4 ("Gov't Reply & Resp."), ECF No. 72. The parties shall advise me on or before December 23, 2022, as to whether they have reached an agreement regarding the attribution evidence. If no stipulation is made by then, I will rule on the admissibility of the proffered evidence. The government's request to file additional briefing on these topics if necessary is denied.

### B.  The 911 Call.

The government seeks to admit the recording of a 911 call placed minutes after the shooting. In the call, a woman states, "somebody just got shot" and provides the location of the shooting. *See* Gov't Mot., Ex. A. Though the statements made in the call are hearsay, the

government argues that the call is admissible under the present sense impression or excited utterance exceptions to the rule against hearsay. *See* Fed. R. Evid. 803(1), (2). Mr. Bracy objects to admission of "the 911 call which does not identify him" but otherwise provides no argument as to the call's admissibility. Def.'s Resp. 4.

Though the 911 call contains no information identifying a possible suspect in the shooting, it is plainly relevant to establish that a shooting occurred and that it occurred at a certain time and place. And the statements made in the 911 call are admissible either as present sense impressions or excited utterances. The government's motion to admit the 911 call is granted.

### C.  The Prior Identification Evidence.

In its initial motions in limine, the government sought a ruling that the Supplier's identification of Mr. Bracy while in the hospital is admissible as a prior consistent statement under Rule 801(d)(1)(B) if his credibility is impeached on cross-examination. Gov't Mot. 17–18. In its supplemental motion in limine, the government proposes a more direct route, arguing the prior identifications are admissible under Rule 801(d)(1)(C). Gov't Suppl. Mot. 1. Specifically, the government seeks to admit: (1) testimony by the Supplier that he previously identified Mr. Bracy and two other individuals (while in the hospital and before the grand jury); (2) testimony of the NYPD detective who documented the hospital statement and conducted the photo array procedure; (3) the photo arrays; and (4) the portion of the grand jury transcript in which the Supplier made the identifications. *Id.* at 4. Mr. Bracy opposes admission of the identification, arguing that the statements the Supplier made while hospitalized are hearsay and were made after the Supplier developed a motive to fabricate his statement. Def.'s Resp. 3.

The Rules of Evidence provide an exception to the rule against hearsay when the declarant "testifies and is subject to cross-examination about a prior statement, and the statement:

. . . identifies a person as someone the declarant perceived earlier." Fed. R. Evid. 801(d)(1)(C). Under this rule, a prior identification is admissible unless produced by an unnecessarily suggestive and unreliable procedure. *United States v. Bautista*, 23 F.3d 726, 729 (2d Cir. 1994). Because I have ruled that the pretrial identification procedures used in this case were not unduly suggestive or unreliable, the government's motion is granted. Having granted the motion on Rule 801(d)(1)(C) grounds, I do not reach the government's argument regarding admissibility under Rule 801(d)(1)(B).

### D.  Mr. Bracy's Prior Felony Convictions

The government's next motion asks me to admit evidence of Mr. Bracy's prior felony convictions if he testifies at trial. Mr. Bracy has two felony convictions. In October 2014, he was convicted of conspiracy in the fourth degree in violation of New York Penal Law § 105.10(1). Gov't Mot. 20. In October 2017, he pleaded guilty to criminal sale of a controlled substance in the third degree in violation of New York Penal Law § 220.39(1).

Under Federal Rule of Evidence 609, evidence of a criminal conviction offered as impeachment evidence against a witness "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully." *United States v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005). In deciding whether the impeachment evidence is more probative than prejudicial, courts in this Circuit consider five factors: (1) the nature of the crime and its impeachment value; (2) the date of conviction; (3) the similarity between the past crime and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of the defendant's credibility. *United States v. Hawley*, 554 F.2d 50, 53 & n.5 (2d Cir. 1977); *see United*

*States v. Brown*, 606 F. Supp. 2d 306, 311–12 (E.D.N.Y. 2009); *United States v. Jackson*, No. 19-CR-356 (ARR), 2020 WL 7063566, at *1 (E.D.N.Y. Dec. 2, 2020). The government argues that Mr. Bracy's relatively recent felony narcotics convictions are probative of his willingness to lie and not particularly prejudicial. Defense counsel argues that the government "should not be permitted to introduce any of the defendant's convictions pursuant to F.R.E. 404(b)," Def.'s Resp. 2, but fails to respond to the government's motion under Rule 609.

If Mr. Bracy testifies, I will allow the government to introduce evidence of his 2014 felony conviction. To be sure, the 2014 conviction is not particularly probative. Conspiracy in the fourth degree is a class E felony, N.Y. Penal Law § 105.10, and less-serious felonies are less probative of a defendant's character for truthfulness. *Jackson*, 2020 WL 7063566, at *3 (explaining that a class D felony is less probative than a class B felony). The 2014 conviction is also not particularly recent, and older convictions are less probative than newer ones. *See United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977). And though the 2014 conspiracy conviction is facially similar to the conspiracy charge in Count One of the indictment, there is no real possibility of prejudice in this case because the jury will hear about the 2014 conviction whether or not Mr. Bracy testifies, as it is the predicate offense for the felon-in-possession charge of Count Three.[1]

I will not allow the government to introduce evidence as to Mr. Bracy's 2017 felony. The 2017 conviction is more probative than the 2014 conviction, but also more prejudicial. A drug sale conviction is more probative than a fourth-degree conspiracy conviction. *United States v. Crumble*,

---

[1] When admitting Rule 609 evidence I must presumptively allow "inquiry into the 'essential facts' of the conviction, including the nature or statutory name of [the] offense, its date, and the sentence imposed." *Estrada*, 430 F.3d at 616. The government avers that the 2014 conviction "relat[es] to narcotics distribution," but I have no other evidence before me as to the nature of the offense, and conspiracy in the fourth degree may be charged in non-narcotics cases. *See* N.Y. Penal Law § 105.10(1). Should Mr. Bracy testify, I am inclined to allow inquiry into the following: the statutory name of the offense, its date, and the sentence imposed.

No. 18-cr-32 (ARR), 2018 WL 2016852, at *6 (May 1, 2018) ("[T]he Second Circuit has indicated that drug-sale convictions can have significant probative value as to character for truthfulness.") The 2017 conviction is also more probative as the more recent of the two convictions. As to factor three, the government argues that "the central focus of the instant case is the defendant's possession and discharge of a firearm during a drug deal—an element not at issue in the prior crimes." Gov't Mot. 22. Though the government may see Count Two as the "central focus" of the case, it ignores that a conviction on Count One—conspiracy to distribute and possess with intent to distribute a controlled substance—is necessary to sustain a conviction on Count Two, and the prior drug-sale conviction bears obvious similarities with the charged conduct in Count One. Moreover, "some courts have found that evidence of a prior drug sale is prejudicial in the context of a felon-in-possession case because juries are likely to view guns as 'tools of the drug trade.'" *United States v. Jackson*, No. 19-CR-356 (ARR), 2020 WL 7063566, at *3 (E.D.N.Y. Dec. 2, 2020). In this case, I am concerned that evidence of the 2017 conviction will make the jury "more likely to view [Mr. Bracy] as having a propensity to commit crime (and to carry a gun) than having a propensity to be dishonest." *United States v. White*, No. 08-CR-0682 (NGG), 2009 WL 4730234, at *6 (E.D.N.Y. Dec. 4, 2009). It is too early to know how factors four and five weigh on the analysis, as the centrality of the testimony and credibility to the case will depend on the other evidence at trial.

Nonetheless, because I will allow the government to introduce the 2014 conviction, I preclude the government from offering evidence of the 2017 conviction. "Once a prior felony has been presented to the jury, the incremental [probative] value of additional convictions may be diminished." *White*, 2009 WL 4730234, at *5; *see also Brown*, 606 F. Supp. 2d at 314 ("The court will not permit the government to resort to a 'piling on' effect by introducing" a second conviction to impeach the defendant's credibility.).

### E.  Authenticating Business and Public Records.

The government intends to offer certain business records with business record certifications and public records that are signed and sealed by a state agency and moves for a ruling that it be permitted to authenticate the records without custodial witness testimony. Gov't Mot. 23–24. The government has given Mr. Bracy notice of these records under Rule 902(11) and though defense counsel "oppose[s] all of the [g]overnmen[']s applications," including its introduction of business records, Mr. Bracy's response provides no reason why I should not approve the proposed authentication methods. Def.'s Resp. 4. Because the records may be authenticated by custodian certifications or self-authenticated under Rules 803(6) and 902(1), respectively, the government's motion is granted.

### F.  Evidence Concerning Possible Punishment and Collateral Consequences

The government next moves to preclude evidence and argument concerning possible punishment and collateral consequences of a conviction, such as the ten-year mandatory minimum under Count Two. Gov't Mot. 24. Mr. Bracy opposes this motion but again fails to explain why. Def.'s Resp. 4. "It is well established that when a jury has no sentencing function," as in this case, "it should be admonished to reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (footnote and quotation omitted). I plan to instruct the jury accordingly and will also preclude evidence or argument as to possible punishment or collateral consequences.

### G.  Evidence of Third-Party Culpability.

The government moves to preclude Mr. Bracy from advancing the theory that another specific person committed the charged shooting absent evidence of a sufficient connection between that person and the shooting. Gov't Mot. 25. In support of its motion, the government

points to case law saying that evidence tending to show that another person committed a charged crime is admissible only when it "sufficiently connects the other person to the crime." *United States v. Hendricks*, 921 F.3d 320, 331 (2d Cir. 2019) (quotation omitted). Mr. Bracy responds that the government has produced evidence suggesting that others had a motivation to commit the shooting and says he should not be precluded from arguing that someone else may be responsible.

Due process requires "that criminal defendants be afforded a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984). Consistent with this principle, "[i]n a criminal case '[t]he accused may introduce any legal evidence tending to prove that another person may have committed the crime with which the defendant is charged.'" *United States v. White*, 692 F.3d 235, 245–46 (2d Cir. 2012) (quoting *Holmes v. South Carolina*, 547 U.S. 319, 327 (2006)). However, such evidence "may be excluded where it does not sufficiently connect the other person to the crime." *Id.* (quoting *Holmes*, 547 U.S. at 327). The government's motion is obviously unobjectionable to the extent it accurately states the law, and I will of course apply the law to my evidentiary decisions. However, because Mr. Bracy has yet to offer evidence of an alternative perpetrator, I am unable to determine whether this hypothetical evidence sufficiently connects a third-party to the crime. I will reserve decision on this motion. If Mr. Bracy intends to present evidence of third-party culpability at trial, he is ordered to provide reciprocal discovery as to this evidence under Rule 16(b), as requested by the government (provided the government has complied with its disclosure obligations under Rule 16(a)(1)(E)), by no later than 12:00 p.m. on December 21, 2022.

## H.  Dismissal of State Court Charges

The government also moves to preclude evidence of the dismissal of the state court charges filed against Mr. Bracy shortly after the alleged shooting because such evidence constitutes

hearsay, is irrelevant, and risks confusing the issues. Gov't Mot. 28–29. Mr. Bracy responds only by saying that evidence of the state-charge dismissal is "highly relevant." Def.'s Resp. 3.

Absent a claim of double jeopardy or collateral estoppel, "a judgment of acquittal is not usually admissible to rebut inferences that may be drawn from the evidence that was admitted." *United States v. Viserto*, 596 F.2d 531, 537 (2d Cir. 1979). Here, Mr. Bracy does not have evidence of an acquittal—and evidence of charges that were dropped for unknown reasons is even less relevant than an acquittal. The fact that the state charges were dismissed is hearsay and is not relevant to his culpability for the charged offenses. The government's motion to preclude evidence relating to the state court prosecution is granted.

## I.   Referring to the Supplier as a "Cooperator" and Scope of Cross-Examination.

The government has moved to preclude defense counsel from referring to the Supplier as a "cooperator" or referencing a "cooperation agreement" because the Supplier has not entered a cooperation agreement with the government in this case. Gov't Mot. 31. This motion is granted to the following extent: defense counsel is not to refer to a cooperation agreement if one does not exist and may not suggest that the Supplier is a cooperator in the present case if he has not entered a formal cooperation agreement with the government. However, since filing its motions in limine the government disclosed that the Supplier has in the past cooperated with the government as a confidential informant. Mr. Bracy is not precluded from referencing the cooperation between the Supplier and the NYPD in the period between August 2014 and June 2015. *See* Gov't Suppl. Giglio Letter 1–2, ECF No. 65 (filed under seal). Mr. Bracy is also permitted to cross-examine the Supplier as to any benefits he has received or been promised or hopes to receive in connection to his testimony in the present case.

Separately, the parties have disputed the extent of appropriate cross-examination of the Supplier in letters filed under seal.[2] The government seeks to preclude cross-examination with evidence of five (out of ten) of the Supplier's convictions because they "are all more than ten years old, they do not concern a dishonest act or false statement, and their probative value" does not substantially outweigh their prejudicial effect under Rule 609(b)(1). Gov't Giglio Mot. 3–4. As to the Supplier's activities as a confidential informant, the government seeks to preclude cross-examination on the "specific facts and circumstances of each instance in which the Supplier provided information to the NYPD, as such evidence is not probative of the Supplier's credibility, and any probative value of such evidence is substantially outweighed by the risks of confusing the issues for trial and wasting the jury's time." Gov't Suppl. Giglio Letter 2. Mr. Bracy responds by arguing that the Supplier's criminal history is "relevant and fair game for cross examination" and that his informant activity "may be related" to the charged shooting. Def.'s Giglio Resp. 1, ECF No. 70 (filed under seal). Mr. Bracy also requests that "all of the materials, reports, and information concerning [the Supplier]'s activity be turned over" as potentially *Brady* and *Giglio* material subject to disclosure under 18 U.S.C. § 3500. *Id.*

The government's request is more limited than defense counsel makes it out to be. Far from seeking to preclude all cross-examination of the Supplier, the government "does not disagree" that Mr. Bracy "should be permitted to cross-examine [the Supplier] on his prior narcotics convictions or the fact that he previously worked as a confidential informant." Gov't Giglio Reply 1, ECF No.

---

[2] Those letters are hereby unsealed to the extent this opinion describes the information within them. I reserve decision on whether the government's interest in sealing the letter outweigh the public's right of access.

71 (filed under seal). Thus, I will only consider whether cross-examination of the Supplier should be limited as proposed by the government.

When a witness in a criminal case is impeached with a criminal conviction, evidence of a felony conviction "must be admitted, subject to Rule 403, . . . in a criminal case in which the witness is not a defendant." Fed. R. Evid. 609(a)(1)(A). If "establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement," evidence of the conviction must be admitted. *Id.* 609(a)(2). And if "more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," evidence of the conviction may only be admitted if "its probative value, supported by specific facts and circumstances, *substantially* outweighs its prejudicial effect." *Id.* 609(b) (emphasis added).

I will preclude cross-examination on the Supplier's first five criminal convictions, which range in date from February 2004 to August 2007. All of these convictions are more than ten years old, and the Supplier's latest possible release date for the August 2007 offense (for which he received concurrent terms of five years' imprisonment) would also have been over ten years ago. *See* Gov't Giglio Mot. 2. The Supplier's other five convictions, which range in date from August 2014 to June 2021, are admissible under Rule 609(a)(1)(A). Because Mr. Bracy can cross-examine the Supplier with these more recent convictions, I find that the earlier five convictions are not substantially more probative than prejudicial.[3] As for the request to preclude cross-examination of the Supplier's activities as a confidential informant, I will allow Mr. Bracy to elicit the information disclosed by the government in its supplemental Giglio disclosure, namely: that on five dates the Supplier received monetary payments from the NYPD in exchange for information that led to

---

[3] Because Rule 609 does not contemplate admission of arrests that did not result in convictions, the government's request to preclude cross-examination of any such arrests is granted. *See* Gov't Giglio Mot. 4.

positive search warrants or arrests of individuals. Gov't Suppl. Giglio Letter 1–2. Absent more concrete representations regarding how the Supplier's activities "may be related to his assault," Def.'s Giglio Resp. 1, the specific facts and circumstances of each incident about which the Supplier provided information are not relevant to the charged offenses nor probative of the Supplier's credibility as a witness. Given this ruling, and the government's representation that it has complied with its *Brady* and *Giglio* obligations, Gov't Giglio Reply 2, I decline to order the government to turn over additional material regarding the Supplier's activities as a confidential informant.[4]

### J.  Details Regarding Mr. Bracy's Background and Personal Life

Finally, the government moves to preclude Mr. Bracy from "eliciting evidence about [his] background that is improperly intended to engender sympathy or bias." Gov't Mot. 31. The government argues that background evidence about Mr. Bracy's family life, for example, is not probative of his innocence or guilt and may improperly provoke sympathy from the jury. *Id.* Mr. Bracy opposes this motion without argument. Def.'s Resp. 4. As with the government's other motions relating to hypothetical evidence, it is difficult to rule without knowing any details about the sort of "family life" evidence Mr. Bracy may attempt to offer at trial. I will reserve decision on the motion.

### III.   Mr. Bracy's Motion in Limine is Denied.

In his response to the government's motions in limine, Mr. Bracy explains that the government has provided notice that the government intends to call a narcotics expert. Def.'s Resp.

---

[4] The government also asks that I preclude cross-examination regarding a substantiated Internal Affairs Bureau ("IAB") allegation that one of its law enforcement witnesses failed to safeguard a prisoner's property in 2012. Gov't Giglio Mot. 3–4. Because this disciplinary charge does not appear to implicate the officer's credibility and is over ten years old, and because Mr. Bracy does not respond to this aspect of the government's argument, I grant the government's request.

3–4. He moves to preclude the narcotics expert's testimony because the jury will not need expert testimony to understand the issues in this case. *Id.* Under the Federal Rules, a qualified expert may testify if, *inter alia*, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). According to the government's expert witness disclosure, the government intends to elicit opinions from its expert on the following topics: (1) the characteristics of 3,4-Methylenedioxymethamphetamine ("MDMA") and its various street names; (2) the way MDMA is typically priced, purchased, and used; (3) that drug dealers are often robbery targets; and (4) the methods and techniques employed by drug-traffickers to conceal their conduct, including the meaning of typical slang and coded language. Gov't Reply & Resp., Ex. A ("Expert Witness Disclosure"), ECF No. 72-1.[5] Because Mr. Bracy does not challenge the expert's qualifications, which do not appear to be in doubt, I consider only whether the proposed testimony would help the jury understand the evidence or determine a fact in issue.

The Second Circuit has long held that "the operations of narcotics dealers are a proper subject for expert testimony under" Federal Rule of Evidence 702, so long as "the subject matter of the testimony is beyond the ken of the average juror." *United States v. Castillo*, 924 F.2d 1227, 1232 (2d Cir. 1991). The Second Circuit has repeatedly upheld the use of expert testimony regarding the various subjects the government seeks to elicit in this case. *See, e.g.*, *United States v. Kusek*, 844 F.2d 942, 949 (2d Cir. 1988) (meaning of code language and jargon used by drug dealers); *United States v. Carson*, 702 F.2d 351, 369 (2d Cir. 1983) (covert manner of drug transactions); *United States v. Clark*, 498 F.2d 535, 537 (2d Cir. 1974) (street value of packaged

---

[5] I note that while the expert disclosure indicates it was filed on ECF when it was shared with defense counsel on December 13, 2022, it was not filed or sent to the court until it was attached as Exhibit A to the filing of December 19, 2022.

narcotics). Because the proposed subjects of expert testimony are "beyond the ken of the average juror," I find that they are admissible under Rule 702. Mr. Bracy's motion is denied.

## CONCLUSION

For the foregoing reasons, I grant in part and deny in part Mr. Bracy's pretrial motions, I grant in part and deny in part the government's motions in limine, and I deny Mr. Bracy's motion in limine.

SO ORDERED.

_____/s/_____

Allyne R. Ross
United States District Judge

Dated:        December 19, 2022
              Brooklyn, New York