UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

DASHAUN BRACY,

*Defendant.*

20-CR-483 (ARR)

**Draft Jury Instructions**

**December 20, 2022**

ROSS, United States District Judge:

## TABLE OF CONTENTS

**INTRODUCTION**.................................................................................................... 1
**PART I: THE DUTIES OF THE JURY**.................................................................. 1
    **A.**   **Parties Are Equal Before the Court** ......................................................... 2
    **B.**   **Presumption of Innocence** ...................................................................... 2
    **C.**   **Burden of Proof on the Government** ....................................................... 2
    **D.**   **Proof Beyond a Reasonable Doubt** ......................................................... 3
    **E.**   **The Evidence**............................................................................................ 3
    **F.**   **Direct and Circumstantial Evidence** ...................................................... 4
    **G.**   **Improper Considerations** ........................................................................ 5
    **H.**   **All Available Evidence Need Not Be Produced** ..................................... 6
    **I.**   **Audio Recordings, Wiretaps, and Transcripts**...................................... 7
    **J.**   **Deciding What to Believe**........................................................................ 8
    **K.**   **Uncalled Witnesses Equally Available to Both Sides** ........................... 9
    **L.**   **Persons Not on Trial** ............................................................................... 9
    **M.**   **Law Enforcement Witnesses** ................................................................ 10
    **N.**   **Expert Witnesses** ................................................................................... 10
    **O.**   **Defendant's Right Not to Testify** ......................................................... 11
    **P.**   **Testimony of Defendant**........................................................................ 11
    **Q.**   **Impeachment of Defendant with Previous Felony** .............................. 12
    **R.**   **Witness With Agreement**....................................................................... 12
    **S.**   **Charts, Maps, and Summaries**.............................................................. 13
    **T.**   **Dates** ...................................................................................................... 13
**Part II: LEGAL ELEMENTS OF THE CRIMES CHARGED**.............................. 14
    **A.**   **Summary of Indictment**........................................................................ 14
    **B.**   **Knowing, Willful, and Intentional Conduct** ....................................... 14

i

**C.  Conspiracy Generally** ................................................................ **15**

   **1.  First Element – Existence of the Agreement** ............................ **16**

   **2.  Second Element – Member of the Conspiracy** ......................... **17**

**D.  Count One: Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance** ................................................ **19**

   **1.  First Element—Possession of a Controlled Substance** ............... **20**

   **2.  Second Element—Knowing Possession of Controlled Substance** ..... **21**

   **3.  Third Element—Intent to Distribute** ...................................... **22**

**E.  Count Two: Using and Carrying a Firearm During a Drug Trafficking Crime** ........................................................................ **22**

   **1.  First Element—Commission of the Predicate Crime** ................... **23**

   **2.  Second Element—Knowing Use, Carrying, or Possession of Firearm During and in Relation to the Commission of the Predicate Crime** ......... **23**

   **3.  Additional Finding—Brandished or Discharged** ....................... **25**

**F.  Count Three: Felon in Possession of Firearm and Ammunition** .................. **26**

   **1.  First Element—Prior Felony Conviction** ................................ **27**

   **2.  Second Element—Knowing Possession of a Firearm or Ammunition** ..... **28**

   **3.  Third Element—Interstate Commerce** .................................... **28**

**PART III: GENERAL DELIBERATIONS** ............................................... **30**

**INTRODUCTION**

Now that the evidence in this case has been presented and the attorneys for the government and the defendants have concluded their closing arguments, it is my responsibility to instruct you as to the law that governs this case. My instructions will be in three parts.

First, I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case.

Second, I will instruct you as to the legal elements of the crimes charged in the indictment, that is, the specific elements that the government must prove beyond a reasonable doubt for you to find the defendant guilty.

Third, I will instruct you as to some general rules regarding your deliberations following these instructions.

**PART I: THE DUTIES OF THE JURY**

To begin with, it is your duty to find the facts from all the evidence in this case. You are the sole judges of the facts. It is, therefore, for you and you alone to pass upon the weight of the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.

With respect to any question concerning the facts, it is your recollection of the evidence that controls.

You must apply the law in accordance with my instructions to the facts as you find them. While the lawyers may have commented on some rules of law, you must be guided only by what I instruct you about them. You must follow all the rules as I explain them to you. You may not follow some and ignore others. Even if you disagree or do not understand the reasons for some of the rules, you are bound to follow them.

1

A.  **Parties Are Equal Before the Court**

The fact that this prosecution is brought in the name of the United States government does not entitle the government to any greater consideration than the defendant. By the same token, the government is entitled to no less consideration. The government and the defendant are equal before this court, and they are entitled to your equal consideration. Neither the government nor the defendant are entitled to any sympathy or favor.

B.  **Presumption of Innocence**

The indictment filed against the defendant is the means by which the government gave notice to the defendant of the charges against him and brought him before the court. The indictment is an accusation and nothing more. The indictment is not evidence, and you are to give no weight to it in arriving at your verdict. The defendant, in response to the indictment, pleaded "not guilty." The defendant is presumed to be innocent unless the government proves his guilt beyond a reasonable doubt. That presumption alone, unless overcome, is sufficient to acquit the defendant. That presumption is overcome only if you, the jury, decide unanimously that the government has proven the defendant to be guilty beyond a reasonable doubt.

C.  **Burden of Proof on the Government**

Since the law presumes the defendant to be innocent, the burden of proving the defendant's guilt beyond a reasonable doubt is on the government throughout the trial. The defendant never has the burden of proving his innocence or of producing any evidence at all. If the government does not meet its burden of proving beyond a reasonable doubt that the defendant is guilty, you must find the defendant not guilty.

## D.  **Proof Beyond a Reasonable Doubt**

Proof "beyond a reasonable doubt" does not mean proof beyond all doubt. It is not necessary for the government to prove the guilt of a defendant beyond all possible doubt. The test is one of reasonable doubt.

A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

A reasonable doubt, however, is not a doubt that arises out of whim or speculation. A reasonable doubt is not an excuse to avoid the performance of an unpleasant duty. If, after a fair and impartial consideration of all the evidence in the case, you can honestly say that you have such a doubt, based on all the evidence or lack of evidence in the case, as would cause prudent persons to hesitate to act in matters of importance in their own lives, then you have a reasonable doubt. In that event, it is your duty to acquit the defendant.

If, on the other hand, after a fair and impartial consideration of the evidence, you can honestly say that you have such an abiding belief in the guilt of the defendant that you would be willing to act upon a similarly strong conviction in the most important matters in your own lives, then you have no reasonable doubt, and, in that circumstance, you should convict.

## E.  **The Evidence**

I will now instruct you as to what is evidence and how you should consider it. The evidence which you are to consider in deciding the facts in this case comes in several forms:

(a)      Sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness, is evidence.

3

(b)      Exhibits that have been received into evidence by the court are evidence.

(c)      Facts to which the lawyers have agreed or stipulated are evidence. A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed facts as proved.

Certain things are not evidence and are to be disregarded by you in deciding the facts:

(a)      Arguments or statements by lawyers are not evidence.

(b)      Questions put to the witnesses are not evidence.

(c)      Objections to questions or to offered exhibits are not evidence. In this regard, I instruct you that attorneys have a duty to their clients to object when they believe evidence should not be received. Therefore, you should not be influenced by the objection or by the court's ruling on it. If the objection was sustained, ignore the question and any answer that followed. If the objection was overruled, treat the answer like any other answer.

(d)      Obviously, anything you may have seen or heard outside the courtroom is not evidence.

(e)      Nothing I have said or done should be used by you in inferring innocence or guilt. I have no view of the guilt or innocence of the defendant.

## F.  **Direct and Circumstantial Evidence**

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts. One is direct evidence, such as the testimony of an eyewitness who saw an event firsthand, or directly. The other is indirect or circumstantial evidence. This is the proof of a chain of circumstances pointing to the existence or nonexistence of disputed facts.

A simple example of circumstantial evidence would be the following: If you were to come to court on a bright sunny day and then, after several hours in a courtroom with the window shades drawn, you were to see people entering from the rear, one wearing a wet raincoat and the next shaking a wet umbrella, you might infer from these circumstances, without yourselves going outside or even looking out a window, that it had rained while you were here in court. This is not a speculation or a guess; this is an inference based on evidence.

So in a trial, you are permitted to draw, from facts that you find have been proven, such reasonable inferences or conclusions as seem justified in light of your experience and common sense.

The law makes no distinction between direct and circumstantial evidence. You may consider both. What the law does require is that, before the defendant is convicted of a crime, a jury be satisfied of his guilt beyond a reasonable doubt based on its assessment of all of the evidence in the case.

## G.  Improper Considerations

Bias and Sympathy: Your verdict must be based solely upon the evidence developed at trial, or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any sympathy or favor for one side or the other or any personal feelings that you may have about the defendant's race, religion, national origin, ethnic background, gender, age, or sexual orientation. All persons are entitled to the presumption of innocence. You must do your best to put aside any biases, prejudices, or stereotypes that you may harbor and be guided solely by the evidence in the case and my instructions on the law.

Nature of Crime: It would be equally improper for you to allow any feelings that you might have about the nature of the crime charged to interfere with your decision-making process. To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence relating to the crime charged in this case.

Punishment: The question of possible punishment is also of no concern to the jury, and it should not, in any way, enter into or influence your deliberations. The duty of imposing a sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine, solely upon the basis of the evidence, whether or not the defendant is guilty beyond a reasonable doubt of the crime charged against him in the indictment.

Number of Witnesses: You have heard testimony of multiple witnesses and watched the introduction of other evidence. The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. You are tasked with looking at all the evidence, and you have to decide which witnesses to believe and which facts are true. You should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since a defendant is presumed to be innocent.

Witness Preparation: During the course of trial, you heard testimony that the attorneys interviewed witnesses when preparing for trial. You must not draw any unfavorable inference from that fact. Attorneys have an obligation to prepare their case as thoroughly as possible and, in doing so, to interview witnesses.

## H.  All Available Evidence Need Not Be Produced

Although the government bears the burden of proof, and although a reasonable doubt can arise from the lack of evidence, I instruct you that the law does not require the government to call

as witnesses all persons who may appear to have some knowledge of the matters at issue at this trial. Nor does the law require that all things mentioned during the course of the trial be produced as exhibits.

The law also does not require that any particular investigative techniques be used by law enforcement authorities to uncover or prosecute crime.

You have heard reference to the fact that certain investigative techniques or demonstrative techniques were not used by the government. There is no legal requirement, however, that the government prove its case through any particular means. While you are to carefully consider the evidence adduced by the government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The government is not on trial. Your concern is to determine whether or not, based upon all the evidence or lack of evidence presented in the case, the government has proven that the defendant is guilty beyond a reasonable doubt. You may, however, consider the fact that the government did not utilize certain investigative techniques in deciding whether the government has met its burden of proof because, as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty.

## I. __Audio Recordings, Wiretaps, and Transcripts__

The government has offered evidence in the form of audio recordings of telephone calls which were obtained without the knowledge of the parties to the conversations, but with the consent and authorization of a court. These so-called "wiretaps" were lawfully obtained. The use of this procedure to gather evidence is lawful and the government is entitled to use these wiretaps in this case. Of course, it is for you to decide what weight, if any, to give to this evidence.

The government has been permitted to hand out a typed document that it prepared containing transcripts of what appears on audio recordings which have been received as evidence.

Those were given to you as an aid or guide to assist you in listening to the recordings. However, they are not in and of themselves evidence. Therefore, when the recordings were played, I advised you to listen very carefully to the recordings themselves. You alone should determine what is said on the recordings based on what you heard. If you heard something differently than what appeared on the transcript, then what you heard is controlling.

## J.  **Deciding What to Believe**

As I mentioned earlier, you are the sole judges of the credibility of the witnesses and the weight that their testimony deserves. In determining whether a witness speaks the truth, you may consider the appearance and conduct of the witness, the manner in which the witness testified, the character of the testimony given, and any evidence contrary to the testimony given.

You should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and any other matter in evidence which tends to indicate whether to believe a witness. Consider each witness's bias, prejudice, hostility, interest, and partisanship with respect to the prosecution or defense of the case and the witness's demeanor while on the stand.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit a witness's testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent mis-recollection, like failure of recollection, is not uncommon. In weighing the effect of a discrepancy, consider whether it pertains to a matter of importance or to an unimportant detail, and whether it results from innocent error, on the one hand, or intentional falsehood, on the other.

The testimony of a witness may be discredited or impeached by showing that the witness previously made statements which are inconsistent with the witness's present testimony. It is your job to determine the weight, if any, to be given to all or part of the testimony of a witness who has

been impeached by such prior inconsistent statements. If you find that a witness made such a statement, you may consider that in your assessment of that witness's credibility. In other words, you may consider whether or not you believe the witness or accept his or her testimony at trial in light of the prior inconsistent statement. In making this determination, you should consider the importance of the matter to which the statement related. If you find that the matter is relatively trivial, you may decide not to attach much significance to the inconsistency. On the other hand, if the matter to which the prior inconsistent statement related is important, you may decide that it casts substantial doubt on the witness's credibility. You may also consider whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

### K. **Uncalled Witnesses Equally Available to Both Sides**

There are several people whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party has an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The burden of proof always remains on the government.

### L. **Persons Not on Trial**

Some of the people who may have been involved in the events leading to this trial are not on trial. There is no requirement that everyone involved in a crime be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the government or the defendant from the fact that certain persons, other than the defendant, were not named as defendants in the indictment. Do not speculate as to the reasons why other persons were not named. Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator, or indicted as a defendant in this case or another separate case, is a matter within the sole discretion of the United States Attorney and the Grand Jury. Therefore, you may not consider it in any way in reaching your verdict as to the defendant.

## M. **Law Enforcement Witnesses**

In this case you have heard testimony from law enforcement officials. The fact that a witness is a law enforcement officer does not justify according that witness's testimony more or less consideration or greater or lesser weight than the testimony of any other person. You should evaluate the testimony of law enforcement witnesses in the same manner as you would the testimony of any other witness, using all of the tests of credibility that I have discussed with you. It is your decision, after reviewing all of the evidence, whether to accept the testimony of a witness, and to give it whatever weight, if any, it deserves.

## N. **Expert Witnesses**

In this case, you have heard testimony from persons described as experts. An expert is a witness allowed to express an opinion on matters about which he has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in a particular field may assist you in understanding the evidence or in reaching an independent decision about the facts.

In weighing expert testimony, you may consider the expert's qualifications, the opinion given, the witness's reasons for testifying, as well as all the other considerations that ordinarily apply when you are deciding whether or not to believe a witness. You may give expert testimony whatever weight, if any, you find it deserves in light of all the other evidence before you. You should not, however, accept a witness's testimony merely because he is an expert in a field. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

**O.  <u>Defendant's Right Not to Testify</u>**

*(If Applicable)*

The defendant did not testify in this case. Under our Constitution, the defendant has no obligation to testify or to present any evidence because it is the government's burden to prove guilt beyond a reasonable doubt. That burden remains with the government throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent.

You must not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

**P.  <u>Testimony of Defendant</u>**

*(If Applicable)*

In a criminal case, the defendant never has a duty to testify or come forward with any evidence. This is because, as I have told you, the defendant is presumed innocent and the burden of proof beyond a reasonable doubt remains on the government at all times. But, if he chooses, the defendant has the right to testify and to take the witness stand on his own behalf. In this case, the defendant decided to testify. You should examine and evaluate

11

his testimony just as you would the testimony of any other witness. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

**Q.  Impeachment of Defendant with Previous Felony**

*(If Applicable)*

As I instructed you earlier, the defendant in a criminal case never has any duty or obligation to testify or come forward with any evidence. This is because the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.

In this case the defendant did testify and he was subject to cross-examination, like any other witness. You learned during his testimony that the defendant was previously convicted of a crime. This prior conviction was received into evidence for two very limited purposes: First, to help you to decide how much of the defendant's testimony you believe. And second, as I will instruct you, the conviction constitutes an element of the third offense charged in the indictment, that is felon in possession of a firearm and ammunition. I want to caution you that you may not consider the defendant's prior convictions in any way, except for these limited purposes as an element of the offense charged in Count Three and to help you decide how much of his testimony to believe and what weight, if any, to give it. You are specifically instructed that you may not consider the defendant's prior conviction for any purpose other than the two I have described.

**R.  Witness With Agreement**

*(If Applicable)*

You have heard the testimony of a witness who testified under an agreement with the government. Under this agreement, the witness agreed to testify with the assurance from the government that the testimony and information provided by the witness would not be used against

the witness in any subsequent federal criminal proceeding, except that such statements could be used against the witness in a prosecution for perjury, false statements, or obstruction of justice if the witness intentionally provided false information or testimony. These promises were not formal orders of immunity by the Court, but were arranged directly between the witness and the government.

The government is permitted to enter into such agreements. Because of the nature of this witness's testimony, his testimony must be scrutinized with greater care than the testimony of an ordinary witness. In assessing the testimony of this witness, you should ask yourselves whether this witness would benefit more by lying, or by telling the truth. Did this motivation affect his testimony? If, after examining his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

## S.  Charts, Maps, and Summaries

(*If applicable*)

The government has presented exhibits in the form of charts, maps, and summaries. These charts, maps, and summaries were admitted in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based. Therefore, you are to give no greater consideration to these charts, maps, or summaries than you would give to the evidence upon which they are based. It is for you to decide whether the charts, maps, or summaries correctly present the information contained in the testimony and in the exhibits on which they were based.

## T.  Dates

If the indictment charges that a specific act occurred on a certain date or time, and the evidence indicates that it may have occurred on another date or time, the law only

13

requires a substantial similarity between the dates and times alleged in the indictment and the dates and times established by testimony or exhibits.

## Part II: LEGAL ELEMENTS OF THE CRIMES CHARGED

### A. **Summary of Indictment**

I will now instruct you as to the legal elements of the crimes charged in the Indictment. That is to say, I will now instruct you as to the specific elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to warrant a finding of guilt.

The defendant is formally charged in an indictment. As I instructed you at the outset of this trial, the indictment is merely a charge or accusation. The indictment in this case contains three counts or charges. Each of these counts charges a separate and distinct crime. Count One charges the defendant with knowingly and intentionally conspiring to distribute and possess with intent to distribute one or more controlled substances. Count Two charges the defendant with using and carrying a firearm during and in relation to and possessing a firearm in furtherance of a drug trafficking crime. Count Three charges the defendant with possession of a firearm and ammunition after having been convicted of a felony.

### B. **Knowing, Willful, and Intentional Conduct**

During these instructions, you will hear me use the words "knowingly," "willfully," and "intentionally."

A person acts knowingly when he acts voluntarily and intentionally, and not because of ignorance, mistake, negligence, accident, carelessness, or any other innocent reason. Whether the defendant acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.

14

"Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say, with the bad purpose to disobey or to disregard the law. A person's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

A person acts intentionally when he acts deliberately and purposefully. That is, a person's acts must have been the product of his conscious, objective decision rather than the product of a mistake or accident.

These issues of knowledge, intent, and willfulness require you to make a determination about the defendant's state of mind, something that rarely can be proved directly. A wise and careful consideration of all the circumstances before you, however, may permit you to make a determination as to the defendant's state of mind. Indeed, in your everyday affairs, you are frequently called upon to determine a person's state of mind from his words and actions in a given set of circumstances. You are asked to do the same here.

## C. **Conspiracy Generally**

Before I turn to the specific charges in the Indictment, I will discuss the definition of conspiracy. These instructions will apply to Count One.

A conspiracy is an agreement by two or more people to accomplish some unlawful objective. A conspiracy to commit a crime is an entirely separate and different offense from the underlying crime that the alleged conspirators intend to commit. Forming a conspiracy—a partnership for criminal purposes—is itself unlawful. At the heart of the crime of conspiracy is an agreement or understanding by two or more persons to violate the law. Thus, if a conspiracy exists, even if it should fail to achieve its purpose, it is punishable as a crime. Consequently, for a defendant to be guilty of conspiracy, there is no need to prove that any of the conspirators actually succeeded in his criminal goals.

In order to prove the crime of conspiracy, the government must establish as to the defendant each of the following two essential elements of the crime beyond a reasonable doubt:

First, that two or more persons entered into the particular unlawful agreement charged in the Indictment; and

Second, that the defendant knowingly and willfully became a member of the charged conspiracy with the specific intent that the underlying offense be committed.

I will now explain each of these elements in greater detail.

## 1. First Element—Existence of the Agreement

First, the government must prove beyond a reasonable doubt that two or more persons entered into the unlawful agreement charged in Count One. In other words, a person cannot commit the crime of conspiracy by himself. Rather, the proof must convince you that at least two persons joined together in a common criminal scheme.

The government is not required to prove that members of the conspiracy met together or entered into any express or formal agreement. You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its objective or purpose, or the means by which it was to be accomplished. Instead, what the government must prove beyond a reasonable doubt is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to violate the law has been established by direct proof. But because conspiracy, by its very nature, may be characterized by secrecy, you may also infer the existence of a conspiracy from the circumstances of this case and the conduct of the parties involved.

16

In a very real sense, then, in the context of conspiracy cases, actions may speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

## 2.   Second Element—Member of the Conspiracy

If you are satisfied that the conspiracy charged in Count One existed, the second element that the government must prove beyond a reasonable doubt is that the defendant knowingly and willfully became a member of the charged conspiracy with the specific intent that the underlying offense be committed. I have already instructed you on what it means to act knowingly, willfully, and with intent (pp. 14–15), and you should apply those instructions here.

Before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

The defendant's knowledge is a matter of inference from the facts proven. I instruct you that to become a member of a conspiracy, a defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, a defendant need not have been fully informed as to all of the details or the scope of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, a defendant need not have joined in all of the conspiracy's unlawful objectives.

In addition, the extent of a defendant's participation has no bearing on the issue of a defendant's membership in a conspiracy. A conspirator's liability is not measured by the extent

17

or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that a defendant's mere presence at the scene of an alleged crime does not, by itself, make him a member of a conspiracy. Similarly, mere association with one or more members of a conspiracy does not automatically make a defendant a member. A person may know, or be friendly with, a participant in a conspiracy, without himself being a member in the conspiracy. Mere similarity of conduct or the fact that certain people may have assembled together and discussed common aims and interests does not necessarily establish membership in a conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Furthermore, the fact that a person, without any knowledge that a crime is being committed, merely happens to act in a way that furthers the purposes or objectives of the conspiracy does not make that person a member. More is required under the law. What is required is that a defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, to find that the defendant was a member of a conspiracy, you must find beyond a reasonable doubt that, with an understanding of the unlawful nature of the conspiracy charged, he intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

18

I will now instruct you on the law of the three charges in the Indictment.

**D.  Count One: Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance**

Count One of the Indictment charges the defendant with knowingly and intentionally conspiring to distribute and possess with intent to distribute one or more controlled substances. Count One of the Indictment reads as follows:

> In or about and between August 25, 2015 and October 30, 2015, both dates being approximate and inclusive, within the Eastern District of New York, the defendant DASHAUN BRACY, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved a substance containing 3,4-Methylenedioxymethamphetamine, also known as "MDMA," "ecstasy" or "molly," a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(l).

Title 21, United States Code, Section 841(a)(1) provides, in pertinent part, that "it shall be unlawful for any person knowingly or intentionally . . . to . . . distribute . . . , or possess with intent to . . . distribute . . . a controlled substance." I hereby instruct you that MDMA is a Schedule I controlled substance under federal law.

To find the defendant guilty, you must find beyond a reasonable doubt that the defendant conspired to possess with intent to distribute a controlled substance. You need not find that he knew or believed it was a particular drug, as long as the government proves that he knew and intended that some controlled substance would be possessed and that he intended that it would be distributed.

In considering the conspiracy charge, you should apply the instructions on conspiracy that I gave you earlier (pp. 15–18). I remind you that a conspiracy to commit a crime is an entirely separate and different offense from the underlying crime the conspirators are alleged to have intended to commit. At the heart of the crime of conspiracy is an agreement or understanding by

two or more persons to violate other laws. Thus, if a conspiracy exists, even if it should fail to achieve its purpose, it is still punishable as a crime. For a defendant to be guilty of conspiracy, there is no need for the government to prove that the defendant or any co-conspirator actually succeeded in his criminal goals. The government need not prove that the defendant or any co-conspirator actually committed the unlawful acts charged as the object of the conspiracy; that is, possession of MDMA with intent to distribute. Rather, what the government must prove beyond a reasonable doubt is that there was a conspiracy, that the defendant was a member of that conspiracy, and that the purpose of the conspiracy was to commit the unlawful act. Nevertheless, you will need to understand the elements of the underlying crime. Just remember that you are being asked to determine not whether the underlying crime was committed, but rather whether the government has proven beyond a reasonable doubt that the defendant conspired to commit that crime.

In order to prove a charge of possession with intent to distribute, the government would have to establish beyond a reasonable doubt each of the following elements of the offense:

*First*, that the defendant possessed a controlled substance;

*Second*, that the defendant knew that he possessed a controlled substance; and

*Third*, that the defendant possessed the controlled substance with the intent to distribute it.

I will now explain each element of possession with intent to distribute in greater detail.

## 1. First Element—Possession of a Controlled Substance

The first element the government would have to prove beyond a reasonable doubt is that the defendant possessed a controlled substance.

In order to "possess" a substance, a person need not own it. The person may be possessing it for someone else. The word "possession" as used in the statute encompasses two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time has actual possession of it. A person who, although not in actual possession, knowingly has the power and the intention at a given time to exercise dominion and control over a thing, either directly or through another person or persons, has constructive possession of it.

The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint. Under the law, however, joint possession is no different than sole possession.

## 2. Second Element—Knowing Possession of Controlled Substance

The second element the government would have to prove beyond a reasonable doubt is that the defendant knew that he possessed a controlled substance.

To establish this element, the government must prove that the defendant knew that he possessed a controlled substance and that his possession was not due to carelessness, negligence, or mistake. If you find that the defendant did not know that he had one or more controlled substances in his possession, or that he did not know that what he possessed was, in fact, a controlled substance, then you must find the defendant not guilty.

Although the government must prove that the defendant knew that he possessed a controlled substance, the government need not prove that the defendant knew the exact nature of the drug in his possession or the exact amount. It is enough if the government proves that the defendant knew that the substance he possessed was some kind of a controlled substance.

21

**3. Third Element—Intent to Distribute**

The third element that the government would have to prove beyond a reasonable doubt is that the defendant possessed a controlled substance with intent to distribute it.

The word "distribute" means to deliver. "Deliver" has a simple meaning. It means to transfer to another person by sale or gift or otherwise. When I instruct you that in order to find this element satisfied you would need to find beyond a reasonable doubt that the defendant intended to distribute a controlled substance, this does not mean that you must find that he intended personally to deliver or distribute it. It is sufficient if you find that the defendant intended to cause or assist in its distribution by another person.

Again, I remind you that in Count One, the defendant is not charged with actually possessing a controlled substance with the intent to distribute, but rather with conspiring to do so.

**E. <u>Count Two: Using and Carrying a Firearm During a Drug Trafficking Crime</u>**

Count Two charges the defendant with using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, specifically the crime charged in Count One. Count Two reads as follows:

> On or about October 30, 2015, within the Eastern District of New York, the defendant DASHAUN BRACY, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a drug trafficking crime, to wit: the crime charged in Count One, and did knowingly and intentionally possess such firearms in furtherance of said drug trafficking crime, one or more of which firearms was brandished and discharged.

Under Count Two, the defendant is charged with using or carrying a firearm during the commission of the drug trafficking crime that is charged in Count One. If upon all of the evidence you find that the government has failed to prove Count One beyond a reasonable doubt, then you will proceed no further. Count Two is to be considered only if you first find the defendant guilty

22

under Count One as charged. In reaching your verdict on Count Two, you may consider the evidence of Count One only for the purpose of determining whether the elements of Count Two have been satisfied.

The government must prove each of the following elements beyond a reasonable doubt to meet its burden of proving the defendant guilty of Count Two:

*First*, that the defendant committed the drug trafficking crime charged in Count One;

*Second*, that the defendant knowingly and intentionally used or carried a firearm during and in relation to the commission of that drug trafficking crime, or knowingly and intentionally possessed a firearm in furtherance of that crime.

## 1. First Element—Commission of the Predicate Crime

The first element the government must prove beyond a reasonable doubt is that the defendant is guilty of the drug trafficking crime charged in Count One, specifically conspiracy to distribute and possess with intent to distribute a controlled substance. I instruct you that this crime is a drug trafficking crime. However, it is for you to determine whether the government has proven beyond a reasonable doubt that the defendant is guilty of this crime. If you find that the government failed to prove the defendant's guilt as to Count One, then you must acquit the defendant on Count Two as well.

## 2. Second Element—Knowing Use, Carrying, or Possession of Firearm During and in Relation to the Commission of the Predicate Crime

The second element that the government must prove beyond a reasonable doubt is that the defendant either knowingly and intentionally used or carried a firearm during and in relation to the commission of the drug trafficking crime charged in Count One, or that the defendant knowingly and intentionally possessed a firearm in furtherance of the crime.

A "firearm" is any weapon that is designed to or may be readily converted to expel a projectile by the action of an explosive. The government is not required to prove that the firearm was operable.

To satisfy the second element, you must find that the defendant used, carried, or possessed the firearm knowingly and intentionally. I have already instructed you on what is meant by "knowingly" and "intentionally" (pp. 14–15). In this context, it also means that the defendant knew that the weapon was a firearm; however, the government is not required to prove that he knew he was breaking the law.

Using, carrying, and possessing a firearm all have different definitions. In order to prove the second element beyond a reasonable doubt, the government must prove at least one of use, carrying, or possession. But it need not prove all three.

In order to prove that a firearm was "used," the government must prove beyond a reasonable doubt that the firearm was actively employed during and in relation to the commission of the drug trafficking crime. This does not mean that the weapon was actually fired or attempted to be fired, although those would obviously constitute use of the weapon. Brandishing, displaying, or even referring to the weapon so that others present knew that the firearm is available if needed, all constitute use of the firearm. However, the mere possession of a firearm at or near the site of the crime without active employment as I just described it is not sufficient to constitute a "use" of the firearm.

The second element is also satisfied if the government proves beyond a reasonable doubt that the defendant you are considering "carried" a firearm during and in relation to the crime charged in Count One. In order to prove that the firearm was "carried," the government must prove beyond a reasonable doubt that the weapon was within a person's control in such a way that it

furthered the commission of the drug trafficking crime or was an integral part of the commission of the crime. The person did not necessarily have to hold the firearm physically, that is, have actual possession on his person—though that obviously would suffice.

As I told you, the second element may also be satisfied if the government proved beyond a reasonable doubt that the defendant possessed the firearm in furtherance of a drug-trafficking crime. Possession means that someone either had physical possession of the firearm on his person or that he had dominion and control over the place where the firearm was located and had the power and intention to exercise control over the firearm. To possess a firearm in furtherance of the crime means that the firearm helped forward, advance or promote the commission of the crime. The mere possession of the firearm at the scene of the crime is not sufficient under this definition. The firearm must have played some part in furthering the crime in order for this element to be satisfied.

### 3. Additional Finding—Brandished or Discharged

If you find the defendant guilty of possessing, using or carrying a firearm in furtherance of Count One, then you must decide whether the government has proven beyond a reasonable doubt that the firearm was brandished or discharged.

To "brandish" a firearm means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

"Discharged" simply means that the firearm was fired.

There will be a separate space on the verdict sheet for you to indicate your finding as to whether the firearm was brandished. There will also be a separate space on the verdict sheet for you to indicate your finding as to whether the firearm was discharged.

25

## F.  Count Three: Felon in Possession of Firearm and Ammunition

Count Three charges the defendant with possession of a firearm and ammunition after having been convicted of a felony. Count Three reads as follows:

> On or about October 30, 2015, within the Eastern District of New York, the defendant DASHAUN BRACY, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: one .45 caliber Ruger P90 semi-automatic pistol bearing serial number 660-38983, and ammunition, to wit: one .45 caliber Federal cartridge case.

The relevant statute that the defendant is charged with violating is Title 18, United States Code, Section 922(g), which makes it a federal crime for anyone previously convicted of a felony offense to knowingly possess a firearm or ammunition in and affecting commerce. The statute provides in relevant part:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment of a term exceeding one year . . . to . . . possess in or affecting interstate commerce, any firearm or ammunition.

In your role as jurors, you are not to be concerned with the wisdom or the policy of this law. It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to follow the law as I give it to you. You must not substitute your own notions or opinions of what the law is or ought to be.

For you to find the defendant guilty, the government must prove each of the following elements beyond a reasonable doubt:

*First*, that prior to October 30, 2015, the defendant knew that he had been convicted, in any court, of a crime punishable by imprisonment for a term exceeding one year;

*Second*, that on or about October 30, 2015, the defendant knowingly and intentionally possessed either the firearm or the ammunition, or both, charged in the Indictment.

26

*Third*, that the firearm or ammunition the defendant possessed was shipped or transported in interstate commerce prior to the defendant's possession of it.

I will now instruct you further as to each of these three elements.

## 1. First Element—Prior Felony Conviction

The first element the government must prove beyond a reasonable doubt is that prior to October 30, 2015, the defendant knew that he had been convicted in any court of a crime punishable by imprisonment for more than one year. By definition, any crime subject to such a penalty is a felony.

To satisfy this element, you need only find that the defendant knew that he was, in fact, convicted of a felony and that the conviction was before the possession of the firearm or ammunition charged in this case.

[*IF APPLICABLE*: In this case, the defendant has stipulated to the fact that, before October 30, 2015, he knew that he was convicted in a court of a crime punishable by imprisonment for a term exceeding one year. Accordingly, you should regard this stipulated fact as proven.]

I instruct you that the prior conviction that is an element of the charge here is only to be considered by you for the fact that it exists, and for the fact that the defendant knew that he had previously been convicted of a felony, and for nothing else. You are not to consider the prior conviction for any other purpose. [*IF APPLICABLE*: You are not to speculate as to what it was for.] Thus, you may not consider the prior conviction in deciding whether the defendant was in knowing and intentional possession of the firearm or ammunition, which is the second element of the crime charged in this case.

## 2.  Second Element—Knowing Possession of a Firearm or Ammunition

The second element that the government must prove beyond a reasonable doubt is that on or about October 30, 2015, the defendant knowingly and intentionally possessed either a firearm or ammunition, or both. I have previously defined knowing and intentional conduct (pp. 14–15), and you should apply those instructions here.

A "firearm" is any weapon which will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive.

The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

To be in "possession" of an object means that a person has the ability to control it. An individual possesses an object if he has actual physical control over the object at any given time, such as by holding the object. The government is not required to prove that the defendant owned the firearm or ammunition. The law recognizes that possession may be sole or joint. If the defendant alone possesses a firearm or ammunition, that is sole possession. If the defendant jointly possesses a firearm or ammunition with another, that is joint possession.

The government is also not required to prove that at the time of the possession the defendant knew that he was breaking the law. It is enough if you find that the defendant knowingly and intentionally possessed the firearm or ammunition, even if he did not know it was illegal to do so.

## 3.  Third Element—Interstate Commerce

The third element the government must prove beyond a reasonable doubt in order to convict is that the defendant possessed the firearm or ammunition, as charged in Count Three, in or affecting interstate commerce.

This means that the government must prove that at some time prior to the defendant's possession, the firearm or ammunition traveled—meaning that it was shipped or transported—in interstate or foreign commerce. It is sufficient for the government to satisfy this element by proving that at any time prior to possessing the firearm or ammunition charged in the Count Three, the firearm or ammunition crossed a state line or the United States border.

It is not necessary that the government prove that the defendant himself purchased the firearm or ammunition in some other state or country nor that he himself carried the firearm or ammunition across a state or country line. Nor must the government prove who purchased the firearm or ammunition, or who carried the firearm or ammunition across a state line or an international border or how it was transported. It is also not necessary for the government to prove that the defendant knew that the firearm or ammunition had previously traveled in interstate or foreign commerce.

It is sufficient for the government to satisfy this element by proving that the firearm or ammunition, or both, had traveled across a state line or the United States border at any point prior to the defendant's alleged possession.

To find the defendant guilty on Count Three, you must unanimously find that the defendant knowingly possessed a firearm that had previously traveled in interstate or foreign commerce or unanimously find that the defendant knowingly possessed ammunition that had previously traveled in interstate or foreign commerce.

**PART III: GENERAL DELIBERATIONS**

I have now outlined for you the rules of law applicable to the charges in this case and the processes by which you should weigh the evidence and determine the facts. In a few minutes you will retire to the jury room for your deliberation.

Traditionally, juror number one acts as foreperson. You must have a foreperson so that your deliberations may proceed in an orderly fashion. But, of course, the foreperson's vote is not entitled to greater weight than that of any other juror.

Your function, to reach a fair conclusion from the law and the evidence, is an important one. Your verdict must be unanimous.

When you are in the jury room, you may discuss the case. It is, in fact, the duty of each of you to consult with your fellow jurors and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and your conscience. In the course of your deliberations, no one should surrender conscientious beliefs of what the truth is and what the weight and effect of the evidence is. Moreover, each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors. Nevertheless, I do ask you to examine the issues and the evidence before you with candor and frankness and a proper deference to and regard for the opinions of one another. Remember that the parties and the court are relying upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.

During your deliberations, you must not communicate with, or provide any information to, anyone except yourselves, by any means, about this case. You may not use any electronic device or media such as a telephone, cell phone, smartphone, iPhone, BlackBerry or computer.

You may not use the Internet or any Internet service or any text or instant message service, or websites or apps such as Facebook, Instagram, LinkedIn, YouTube, or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You should also not consult dictionaries or reference materials or use any other tool, electronic or traditional, to obtain information about the case or to help you decide the case.

In short, do not try to find any information about this case from any source outside what has been presented here at trial until I have accepted your verdict. To do otherwise would violate your oath as a juror.

If it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed by your foreperson or by one or more other members of the jury. No member of the jury should ever attempt to communicate with me or with any court personnel by any means other than writing. I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally here in open court.

If you wish to have some part of the testimony repeated, or to see any of the exhibits, you may make that request. If you request to see all or some of the exhibits, we will send them into the jury room for you or make them available to you here in open court. If you request to hear certain testimony or to see the trial transcript regarding any matter, I will call you into court and have the court reporter read those portions of the testimony to you or send responsive portions of the trial transcript into the jury room.

You can have any of the testimony read back to you or made available to you in transcript form. I suggest, however, that you be specific in your requests so as to avoid hearing testimony

or receiving portions of the trial transcript that you do not need to assist you in your deliberations.

If, in the course of your deliberations, you wish to hear any further explanation as to the law, you may send me a note telling me what you would like.

Bear in mind also that you are not to reveal to any person—not even in open court—how the jury stands, numerically or otherwise, on the question of whether the defendant is guilty or not guilty, until after you have reached a unanimous verdict.

If you reach a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate in the note what the verdict is.

To assist you in reaching a verdict, I have prepared a verdict form for your use. Follow the instructions that accompany each question. Your verdict as to each question must be unanimous. Although I will provide each of you with a copy of the verdict form, please recall that your unanimous verdict must be recorded on the foreperson's verdict form. I will also provide each of you with a copy of these instructions. Please remember that you must follow these instructions as a whole, and should not rely on any one portion in disregard of remaining portions.

Before now asking you to retire and begin your deliberations, let me first consult with counsel to be certain I have not overlooked any point.